**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ELAINE RUSSELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STANLEY BLACK & DECKER, INC., | ) |
| a foreign corporation, | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, Defendant Stanley Black & Decker Inc., ("SBD" or "Defendant") hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, County Department, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, SBD respectfully states as follows:

**I.      BACKGROUND**

1.      On August 9, 2021, Plaintiff Elaine Russell ("Plaintiff") initiated this civil lawsuit in the Circuit Court of Cook County, Illinois, County Department, Law Division, No. 2021L065066 (the "State Court Action") by filing a Complaint against SBD for injuries she allegedly sustained while using a Black & Decker 22 Inch 20 Volt Cordless Hedge Trimmer ("Hedge Trimmer") on June 11, 2020. (*See* Complaint attached hereto as Exhibit 1.)

2.      Plaintiff alleges on June 11, 2020, while she was using the Hedge Trimmer "to trim, cut, shape, and manicure decorative trees and shrubs at her residence" "her left hand lost its grip, but the hedge trimmer continued to operate, causing severe and permanent damage, loss of use and disfigurement to her left hand and fingers." (*Id.* at ¶¶ 4,5.)

1

3.      Plaintiff further alleges the subject incident caused "severe and permanent injury to her left hand and wrist, and a severe and permanent injury to her nervous system" and she has "suffered and with reasonable certainty will continue to suffer great pain, and she has been and with reasonable certainty will continue to suffer great pain, and she has been and permanently will be hindered from attending to her affairs and duties and from following her usual occupation, and she has been and will be deprived of large earnings and profits that she might otherwise have made, she has undergone surgical procedures and long-term rehabilitation and physical therapy, and will require additional medical treatment, including surgery, rehabilitation and physical therapy in the future, and she has been and will be compelled to expand or became liable for large sums of money for the care and treatment of her injuries." (*Id.* at ¶ 9.)

4.      Plaintiff's Complaint contained a pray for judgment against SBD in excess of $1,000,000 compensatory damages, plus interest, costs, and an attorneys' fees. (*See Id.*)

5.      Plaintiff is a citizen and resident of Village of Frankfort, Illinois in the County of Will. (*Id.* at ¶ 1.)

6.      SBD is a Connecticut corporation. (*Id.* at ¶ 2.)

7.      On August 20, 2021, Plaintiff served SBD with the Summons and Complaint. (*See* Notice of Service of Process attached hereto as Exhibit 2.)

8.      As required by 28 U.S.C. § 1446(a), filed herewith are copies of all process, pleadings, and orders that were served upon BDUS. (*See* Exhibits 1-3.)

## II.      REMOVAL IS PROPER PURSUANT TO 28 U.S.C. § 1332(a)

### A.      Standard for Removal

9.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), which confers original jurisdiction on a district court for "all civil actions where the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs, and is between. . .citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

10.     A party to a civil action brought in state court may remove that action to federal court if the district court would have original jurisdiction at the time of both commencement of the action and removal. *See* 28 U.S.C. § 1441(a).

11.     To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

12.     By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

13.     Accordingly, courts should apply the same liberal rules to removal allegations that are applied to other matters of pleading. *Dart Cherokee*, 574 U.S. at 87.

**B.      There is Complete Diversity of Citizenship of the Parties**

14.     Plaintiff is a citizen and resident of the Village of Frankfort, Illinois in the County of Will. (Ex. 1 at ¶ 1.)

15.     The federal diversity statute provides that "a corporation shall be deemed a citizen of every State. . . by which it has been incorporated and of the State. . .where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

16.     SBD is a Connecticut Corporation. (*Id.* at ¶ 2.)  Accordingly, SBD is a citizen of Connecticut.

17.     Accordingly, there is complete diversity of the parties as Plaintiff is a citizen of Illinois and SBD is a citizen of Connecticut.

**C.    The Amount in Controversy Requirement is Satisfied.**

18.    When diversity of parties exist, the district courts shall have original jurisdiction where the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)(1).

19.    When the Plaintiff's complaint does not state the amount int controversy, the defendant's notice of removal may do so. 28 U.S.C. § 1446(c)(2)(A).

20.    The removing party has the initial burden of establishing the jurisdictional minimum by a preponderance of the evidence. *Majchrzak by & through Majchrzak v. Gap, Inc.*, No. 17-CV-06604, 2018 WL 2220292, at *3-*4 (N.D. Ill. May 15, 2018)(holding Defendants have satisfied their burden and shown the amount in controversy by a preponderance of the evidence simply by quoting the unspecified serious injuries and broad damages of the Complaint). This burden "is a pleading requirement, not a demand for proof." *Wragge v. The Boeing Company,* No. 20-CV-04457, 2021 WL 1209157, at *6 (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)). The removing party's burden is not that high. *Gap, Inc.*, No. 17-CV-06604, 2018 WL 2220292, at *4. "A good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Id.*

21.    The Court should apply reason and common sense to the Complaint to determine the amount in controversy. *Id.* "[C]ourts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount." *Id.* at *3 (quoting *McCoy by Webb v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002)).

22.    In *Wragge v. The Boeing Company*, the complaint did not allege that the Plaintiff's damages exceeded $75,000. *The Boeing Company,* No. 20-CV-04457, 2021 WL 1209157, at *6. Boeing argued that its Notice of Removal plausibly asserts that the amount in controversy exceeds

$75,000 not on its own speculation, but instead based on the injuries alleged in Plaintiffs' complaint. *Id.* Boeing further argued that allegations of serious permanent injuries and significant medical expenses are sufficient to satisfy the amount in controversy requirement. *Id.* The plaintiff alleged that he "suffered short-term and long-term health effects including...lung damage/scarring...cognitive defects...mental anguish...many of which still plague him...two years after the event," and that he was unable to return to work two years later. *Id.* The plaintiff further alleged that Boeing caused him "short term and long term health problems and injuries including pain, suffering, mental anguish, emotional distress, physical impairment, loss of normal enjoyment of life, medical bills and expenses as well as loss of wage earning capacity, in the past as well as reasonably anticipated in the future." *Id.* The Northern District of Illinois held that such allegations make it more than likely that the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction. *Id.*

23.     Plaintiff's Complaint contained a pray for judgment against SBD in excess of $1,000,000 compensatory damages, plus interest, costs, and an attorneys' fees, which is in excess of the amount in controversy requirement of $75,000. (*See* Ex. 1.)

24.     Plaintiff also alleges that the subject incident caused "severe and permanent injury to her left hand and wrist, and a severe and permanent injury to her nervous system" and she has "suffered and with reasonable certainty will continue to suffer great pain, and she has been and with reasonable certainty will continue to suffer great pain, and she has been and permanently will be hindered from attending to her affairs and duties and from following her usual occupation, and she has been and will be deprived of large earnings and profits that she might otherwise have made, she has undergone surgical procedures and long-term rehabilitation and physical therapy, and will require additional medical treatment, including surgery, rehabilitation and physical therapy in the

future, and she has been and will be compelled to expand or became liable for large sums of money for the care and treatment of her injuries." (*Id.* at ¶ 9.)

25.     Accordingly, the nature of Plaintiff's claimed injuries and damages make clear that the amount in controversy exceeds $75,000, exclusive of interests and costs.

**D.     SBD Timely Filed its Notice for Removal.**

26.     The notice of removal "shall be filled . . . within 30 days after the service of summons upon the defendant[.]" 28 U.S.C. § 1446(b)(1). However, if the 30-day period ends on Sunday, Federal Rule of Civil Procedure Rule (6)(a)(1)(C) extends the 30-day removal deadline to the next business day. Fed. R. Civ. P. 6(a)(1)(C).

27.     Here, SBD was served with the Complaint on August 20, 2021. (*See* Ex. 2.). September 18, 2021, is 30 days from the date of service, which is a Sunday. Pursuant to Rule 6(a)(1)(C), SBD timely filed its notice of removal on Friday, September 17, 2021.

28.     As required by 28 U.S.C. § 1446(d), Counsel for SBD is providing written notice of the filing of this Notice of Removal to Plaintiff's Counsel and is filing a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Law Division. (*See* Notice of Filing Notice of Removal attached hereto as Exhibit 3.)

**E.     Removal to United States District Court for the Northern District of Illinois, Eastern Division is Proper.**

29.     This action is properly removed to the United States District Court for the Northern District of Illinois, Eastern Division, which is the "district and division embracing where [the] action is pending, as Plaintiff's cause of action arose in Livingston County. 28 U.S.C. § 1441(a).

30.     28 U.S.C. § 93(a)(1) provides that actions arising from Will County should filed in Eastern Division of the Northern District of Illinois. 28 U.S.C. § 93(a)(1) (West)

WHEREFORE, Defendant Stanley Black & Decker Inc., respectfully requests that this Honorable Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of Cook County, Illinois, County Department, Law Division, and for any other relief this court deems appropriate.

Date: September 17, 2021                     Respectfully submitted,

                                            By: */s/ Andrew Kopon Jr.*

                                            Andrew Kopon Jr. (#3127312)
                                            Amanda J. Walsh  (#6322869)
                                            KOPON AIRDO, LLC
                                            111 East Wacker Drive, Suite 500
                                            Chicago, IL 60601
                                            312-506-4450; 312-506-4460 Fax
                                            akopon@koponairdo.com
                                            awalsh@koponairdo.com
                                            *Counsel for Defendant Stanley Black & Decker, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I, Andrew Kopon Jr., hereby certify that I caused a copy of the foregoing Notice of

Removal of Defendant Stanley Black & Decker, Inc., to be served on the parties listed below, by

e-mail and U.S. Mail, on September 17, 2021.

        Robert A. Kezelis
        The Law Offices of Robert A. Kezelis
        6151 West 125th Place
        Palos Heights, IL 60463
        Lawoffices.r.a.kezelis@gmail.com
        *Attorney for Plaintiff*